FILED
2019 May-06 AM 08:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

Jason K. Singleton
California State Bar #166170
232 Valleyside Drive
Huntsville, AL 35810
jsnsngltn@yahoo.com
707-362-6016

Plaintiff in pro per

FILED
2019 MAY -6 A 8:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Jason Singleton<br><br>  Plaintiff,<br><br>vs.<br><br>Chrysta Flynt, Reanna Paige Tripp, Mark Hendricks, Progressive Specialty Insurance Company, and DOES one to ten inclusive,<br><br>  Defendants. | CASE NO. 5:19CV674LCB<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF 18 U.S.C. §1961-1962 (CIVIL RICO).**<br>2. **NEGLIGENCE.**<br>3. **BREACH OF CONTRACT (third party beneficiary).**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Jason Singleton complains of Defendants, Chrysta Flynt, Reanna Paige Tripp, Mark Hendricks, Progressive Specialty Insurance Company and Does one to ten inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of this action pursuant to 28 *U.S.C.* §1331 and 18 U.S.C. §1964 for violation of the federal *Racketeer Influenced and Corrupt Organizations Act* (18 *U.S.C.* § 1961 et seq.) Pursuant to pendant jurisdiction, arising from the same facts, attendant and related causes of action, are also brought

1
**COMPLAINT**

under Alabama law, including but not limited to, negligence and breach of contractual duties owed to a third party beneficiary.

2. Venue is proper is this Court pursuant to 28 **U.S.C.** §1391 (b) and is founded on the fact that the events giving rise to the causes of action occurred in this District, Plaintiff and individual defendants reside in this judicial District, and the corporate Defendant sells insurance policies in this District.

## INTRODUCTION

3. Defendant Reanna Paige Tripp operated a motor vehicle owned and insured by Defendant Chrysta Flynt. Defendant Tripp negligently operated this vehicle in such manner as to collide with Plaintiff's parked vehicle, causing extensive damage. Plaintiff is informed and believes and based thereon alleges that Defendant Tripp was acting as the agent, servant, co-venturer and or employee of Defendant Flynt at all times relevant to this collision. Moreover, Plaintiff is informed and believes that Defendant Flynt negligently entrusted the vehicle to Defendant Tripp.

4. Defendant Mark Hendricks is an employee for Defendant Progressive Specialty Insurance Company, an insurance adjuster, and was acting in such capacity at all times relevant to the allegations of this Complaint. Defendant Hendricks is engaged in the unauthorized practice of law in that:

a) Mr. Hendricks is not a member of the Alabama State Bar.

c) Mr. Hendricks intentionally misrepresents to insurance claimants their legal rights, remedies, and procedures in an effort to gain an unwarranted advantage for his employer, Defendant Progressive Specialty Insurance Company, on civil claims. Such intentional misrepresentations occurred via telephone, (May 1st, 2019) and this constitutes a violation of 18 **U.S.C.** §1343 (wire fraud). These violations of 18 **U.S.C.** §1343 are a continuing pattern and practice, of which his employer is well aware.

2
COMPLAINT

Such wire fraud serves as the predicate offense for Plaintff's Civil RICO claims herein, (18 **U.S.C.** §1961-1962)

d). Specifically in relation to this case, Mr. Hendricks stated to Plaintiff that Plaintiff need not file any suit to protect his rights, because, "your own insurance company will file suit to protect your interests". This, of course, is patently false, constitutes the unauthorized practice of law, and is wire fraud. Mr. Hendricks conduct adversely effects interstate commerce. Plaintiff believes this is Mr. Hendricks regular way of conducting business, as the nature of the allegation is itself probative of repeated events. Likewise, Defendant Hendricks, during the same phone call at issue herein, lied to Plaintiff about the existence of Defendant Flynt's insurance coverage. Thus delaying Plaintiff's claim and repair of Plaintiff's vehicle.

5. Plaintiff is an intended third party beneficiary of the contract of insurance between Defendant Flynt and Defendant Progressive Specialty Insurance Company. Defendant Progressive Specialty Insurance Company entered into a contract to cover damages incurred by the negligent operation of Defendant Flynt's vehicle, and Plaintiff is the intended beneficiary of this contract of insurance, to wit: Plaintiff's vehicle was damaged by the negligent operation of Defendant Flynt's vehicle.

FIRST CAUSE OF ACTION (Defendant Hendricks)
(**Racketeer Influenced and Corrupt Organizations Act** (18 **U.S.C.** § 1961 et seq.)

6. Plaintiff re alleges and incorporates herein by reference as though set forth in full the foregoing paragraphs 1 through 5 inclusive.

7. Wherefore, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION (Defendants Tripp and Flynt)
(**Negligence and negligent entrustment**)

8. Plaintiffs re allege and incorporate herein by reference as though set forth in full the foregoing paragraphs 1 through 5.

9. Wherefore, Plaintiff prays for relief, as hereinafter set forth.

**THIRD CAUSE OF ACTION** (Defendant Progressive Specialty Insurance Company)
(**Breach of contract**)

10. Plaintiffs re allege and incorporate herein by reference as though set forth in full the foregoing paragraphs 1 through 5, inclusive.

Wherefore, Plaintiff prays for relief as follows:

1. As to Defendant Hendricks, for treble damages, flowing from the delay in repairing or replacing Plaintiff's vehicle, and for attorney fees and costs as provided by statute.

2. As to Defendants Tripp, Flynt and Progressive Specialty Insurance Company for repair or replacement of Plaintiff's vehicle, loss of use, as such damages maybe proved at trial.

3. For such other relief as the Court deems just and proper.

4. Plaintiff requests a jury trial on all causes of action.

May 6th 2019

_____
Jason Singleton, Plaintiff in pro per